# 11-11007-C

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

—————————

### ERNEST ENAX,

**Plaintiff-Appellant**

v.

### COMMISSIONER OF IRS,

**Defendant-Appellee**

—————————

## ON APPEAL FROM THE JUDGMENT OF THE
## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA

—————————

## BRIEF FOR THE APPELLEE

—————————

**TAMARA W. ASHFORD**
  *Deputy Assistant Attorney General*

**JOAN I. OPPENHEIMER (202) 514-2954**
**SARA ANN KETCHUM    (202) 514-9838**
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*

**ROBERT E. O'NEILL**
  *United States Attorney*

C-1 of 2
*Enax v. Commissioner of IRS*
No. 11-11007-C

CERTIFICATE OF INTERESTED PERSONS

AND CORPORATE DISCLOSURE STATEMENT

Counsel for the appellee certifies that the following persons have

an interest in the outcome of this case or have participated as attorneys

or as judges in the adjudication of this case:

Tamara W. Ashford, Deputy Assistant Attorney General

Commissioner of Internal Revenue, (improperly named)

Defendant-Appellee

John A. DiCicco, Principal Deputy Assistant Attorney General,

(former) Acting Assistant Attorney General, Tax Division, Dept. of

Justice

Ernest Enax, Plaintiff-Appellant

Sara Ann Ketchum, Attorney, Tax Division, Dept. of Justice

Judge Richard A. Lazzara, United States District Court for the

Middle District of Florida

Michael W. May, Attorney, Tax Division, Dept. of Justice

Robert E. O'Neill, United States Attorney, Middle District of

Florida

8198113.1

C-2 of 2
*Enax v. Commissioner of IRS*
No. 11-11007-C

Joan I. Oppenheimer, Attorney, Tax Division, Dept. of Justice

United States of America, Defendant-Appellee

- i -

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28-1(c) of this Court, counsel for the appellee respectfully inform the Court that they believe that oral argument would not be helpful to the Court, because the facts and law are adequately set forth in this brief.

- ii -

# TABLE OF CONTENTS

**Page**

Certificate of interested persons and corporate disclosure . . . . . . . . . C-1

Statement regarding oral argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xiii

Statement of the issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    (i)    Course of proceedings and
          disposition in the courts below . . . . . . . . . . . . . . . . . . . . . . . 2

    (ii)    Statement of facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          (a)    Taxpayer's prior cases challenging
               collection of his taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          (b)    Taxpayer's complaint in this suit . . . . . . . . . . . . . . . . . 5

          (c)    The Government's motion to dismiss . . . . . . . . . . . . . . 6

8198113.1

- iii -

**Page**

(d)    The District Court's dismissal  . . . . . . . . . . . . . . . . . . . 7

(e)    Taxpayer's motion for reconsideration . . . . . . . . . . . . 8

(iii)    Statement of the standard or scope of review . . . . . . . . . . . 9

Summary of argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Argument:

The District Court correctly dismissed taxpayer's suit  . . . . . . . . 12

A.    Taxpayer did not establish a waiver
of sovereign immunity  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1.    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

2.    The waiver of sovereign immunity for tax
refund suits is not available here . . . . . . . . . . . . . . . . 15

3.    The waiver of sovereign immunity in
I.R.C. § 7433 is not available here  . . . . . . . . . . . . . . . 17

- iv -

B.    Injunctive relief and declaratory relief are barred

by the Anti-Injunction Act and the

Declaratory Judgment Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

C.    The District Court correctly concluded that the

complaint failed to state a claim for which relief

could be granted because taxpayer's contention that the

IRS is prohibited from levying on social security

payments in excess of 15% is wrong as a

matter of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

D.    The District Court did not err in dismissing the

suit without granting taxpayer leave to amend

his complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Certificate of compliance  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Certificate of service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

8198113.1

- v -

# TABLE OF AUTHORITIES

**Cases:**                                                               **Page(s)**

*Allied/Royal Parking, L.P. v. United States*,

    166 F.3d 1000 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . 18

*In re Anderson*, 250 B.R. 707 (Bankr. D. Mont. 2000) . . . . . . 26, 29

*Baker v. United States*, 817 F.2d 560 (9th Cir. 1987) . . . . . . . . . 14

*Balser v. Department of Justice,*

    *Office of U.S. Trustee*, 327 F.3d 903 (9th Cir. 2003) . . . . . . 13

*Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) . . . . . . . . . . . . . . . . 31

*Beam v. United States,*

    2007 WL 1674083 (D. Or. 2007) . . . . . . . . . . . . . 7, 23, 26, 28

*Beneficial Consumer Discount Co. v. Poltonowicz,*

    47 F.3d 91 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Blackmar v. Guerre*, 342 U.S. 512, 72 S. Ct. 410 (1952) . . . . . . . 13

*Block v. North Dakota*, 461 U.S. 273, 103 S. Ct. 1811 (1983) . . . 14

*Bob Jones Univ. v. Simon,*

    416 U.S. 725, 94 S. Ct. 2038 (1974) . . . . . . . . . . . . . . . . 23, 24

*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- vi -

**Cases(cont'd):**                                         **Page(s)**

*Bright v. United States*, 446 F. Supp. 2d 339 (E.D. Pa. 2006) . . . 20

*Carey v. Andrews*, 207 Fed Appx. 863 (9th Cir. 2006) . . . . . . . . . 2

*Catron v. City of St. Petersburg*,

    658 F.3d 1260 (11th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . 10

*Chocallo v. United States*, 299 Fed Appx. 112 (3d Cir. 2008) . . . 19

*In re Connor*, 27 F.3d 365 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . 25

\*     *Ctr. for Biological Diversity v. Hamilton*,

    453 F.3d 1331 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 14

*Drye v. United States*, 528 U.S. 49, 120 S. Ct. 474 (1999) . . . . . . 25

*Duran v. IRS*, 2009 WL 700518 (E.D. Cal. 2009) . . . . . . 7, 8, 23, 29

*Dziura v. United States*, 168 F.3d 581 (1st Cir. 1999) . . . . . . . . . 20

*Ehlen Floor Covering, Inc. v. Lamb*,

    660 F.3d 1283 (11th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . 9

*Enax v. Steven Goldsmith, et al.*,

    322 Fed. Appx. 833 (11th Cir. 2009) . . . . . . . . . . . . . . . . . 3, 4

\*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- vii -

**Cases(cont'd)**                                                    **Page(s)**

*Enax v. United States,* 243 Fed. Appx. 449 (11th Cir. 2007) . . . . . 3

\*   *Enochs v. Williams Packing and Navigation Co.,*

       370 U.S. 1, 82 S. Ct. 1125 (1962) . . . . . . . . . . . . . . . . . . 22, 23

\*   *Flora v. United States,* 357 U.S. 63, 78 S. Ct. 1079 (1958) . . . . . 15

  *Fried v. New York Life Ins. Co.,* 241 F.2d 504 (2d Cir. 1957) . . . 26

\*   *Gandy Nursery, Inc. v. United States,*

       318 F.3d 631 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 21, 22

  *Gonsalves v. IRS,* 975 F.2d 13 (1st Cir. 1992) . . . . . . . . . . . . . . 18

\*   *Hines v. United States,*

       658 F. Supp. 2d 139 (D.D.C. 2009) . . . . . . . . 7, 23, 26, 27, 28

  *Jordan v. Conway,* 441 Fed. Appx. 761 (11th Cir. 2008) . . . . . . . 32

\*   *Keohane v. United States,*

       __ F.3d __, 2012

       WL 539372 (D.C. Cir. Feb. 21, 2012) . . . . . . . . . . . . . . . 20-22

  *Kokkonen v. Guardian Life Ins. Co. of Am.,*

       511 U.S. 375, 114 S. Ct. 1673 (1994) . . . . . . . . . . . . . . . . . . 14

\*   *Kovacs v. United States,* 614 F.3d 666 (7th Cir. 2010) . . . . . . . . 21

\*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- viii -

**Cases(cont'd):**                                                        **Page(s)**

*McNeil v. United States*, 78 Fed. Cl. 211 (Fed. Cl. 2007),

    *aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008) . . . . . . . . . . . 23, 29

*Means v. United States*, 176 F.3d 1376 (11th Cir. 1999) . . . . . . . 13

*Miller v. United States*, 66 F.3d 220 (9th Cir. 1995) . . . . . . . . . . 18

*Murphy v. I.R.S.*, 493 F.3d 170 (D.C. Cir. 2007) . . . . . . . . . . . 13

*Schmiedigen v. Celebrezze*, 245 F. Supp. 825 (D.D.C. 1965) . . . . 26

\*    *Sibley v. Lando*, 437 F.3d 1067 (11th Cir. 2005) . . . . . . . . . . 31, 32

*Silva v. Bieluch*, 351 F.3d 1045 (11th Cir. 2003) . . . . . . . . . . . . 31

*Soriano v. United States*, 352 U.S. 270, 77 S. Ct. 268 (1957) . . . 14

*Timson v. Sampson*, 518 F.3d 870 (11th Cir. 2008) . . . . . . . . . . 32

*United States v. 1461 West 42nd Street, Hialeah, Fla.*,

    251 F.3d 1329 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Dalm*, 494 U.S. 596, 110 S. Ct. 1361 (1990) . . . 12

\*    *United States v. Fort*, 638 F.3d 1334 (11th Cir. 2011) . . . . . . . . . 10

*United States v. King*, 395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . . 13

*Cases or authorities chiefly relied upon are marked by asterisks.

- ix -

**Cases(cont'd):**                                              **Page(s)**

\*      *United States v. Marsh*,

       89 F. Supp. 2d 1171 (D. Haw. 2000) . . . . . . . . . . 7, 27, 28, 29

*United States v. Mitchell*,

       445 U.S. 535, 100 S. Ct. 1349 (1980) . . . . . . . . . . . . . . . . . . 13

*United States v. Mottaz*, 476 U.S. 834, 106 S. Ct. 2224 (1986) . . 14

*United States v. National Bank of Commerce*,

       472 U.S. 713, 105 S. Ct. 2919 (1985) . . . . . . . . . . . . . . . . . . 25

\*      *United States v. Nordic Village, Inc.*,

       503 U.S. 30, 112 S. Ct. 1011 (1992) . . . . . . . . . . . . . . . . 12, 13

\*      *Wachovia Bank, N.A. v. United States*,

       455 F.3d 1261 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . 15

\*      *Wallace v. United States*,

       372 Fed. Appx. 826 (10th Cir. 2010) . . . . . . . . . . . . 20, 21, 22

**Statutes:**

    26 U.S.C. (Internal Revenue Code of 1986):

       § 6320 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

\*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- x -

| Statutes(cont'd): | Page(s) |
|---|---|

§ 6330 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

\*      § 6331(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 27, 28

§ 6331(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 25, 27, 28

§ 6334(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 6334(a)(11)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

§ 6334(a)(9) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

§ 6334(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 6334(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

\*      § 7421(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 22

\*      § 7422 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

§ 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

§ 7422(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

\*      § 7433 . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 11, 17, 18, 20, 24

§ 7433(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

§ 7433(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

§ 7433(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

§ 7433(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 20, 22

\*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- xi -

**Statutes(cont'd):** **Page(s)**

28 U.S.C. § 2201(a)(Declaratory Judgment Act)  . . . . . . . . . 2, 6, 24

42 U.S.C.:

§ 402(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 407  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

§ 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Rules and Regulations:**

26 C.F.R. (Treasury Regulations):

§ 301.6331-1(a)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

§ 301.6334-2(c)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

§ 301.6402-2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

§ 301.6402-3  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

§ 301.6402-2(a)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

§ 301.6402-2(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

§ 301.6402-2(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

§ 301.6402-3(a)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

§ 301.7433-1(e)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 19

§ 301.7433-1(e)(2)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Cases or authorities chiefly relied upon are marked by asterisks.

- xii -

**Rules and Regulations(cont'd):**                              **Page(s)**

§ 301.7433-1(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

§ 301.7433-1(g)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 22

Federal Rules of Civil Procedure

Rule 4(i)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 4(i)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 12(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Miscellaneous:**

H.R. Conf. Rep. No. 100-1104, vol. 2, 228,

*reprinted in* 1988-3 C.B. 473 . . . . . . . . . . . . . . . . . . . . . . . 20

H.R. Conf. Rep. No. 105-220 (1997),

*reprinted in* 1997-4 C.B. (vol. 2) 1457 . . . . . . . . . . . . . . . . . 28

I.R.S. Notice 98-62, 1998-2 C.B. 760 . . . . . . . . . . . . . . . . . . . . 28

*Cases or authorities chiefly relied upon are marked by asterisks.

8198113.1

- xiii -

# STATEMENT OF JURISDICTION

On November 24, 2010, Ernest Enax (taxpayer) filed a complaint in the District Court for the Middle District of Florida, naming as defendant the Commissioner of Internal Revenue and seeking refund of federal taxes collected by levy as well as declaratory and injunctive relief with respect to that levy.  (Doc. 1.)[1]  The District Court had subject matter jurisdiction under 28 U.S.C. §§ 1340 and 1346(a)(1).[2]  As explained below, in Argument A, however, the District Court did not have jurisdiction over the United States because there was no waiver of sovereign immunity.

The District Court, on January 14, 2011, entered an order dismissing the case for failure to state a claim (Doc. 11), and, on January 18, 2011, entered judgment accordingly (Doc. 12).  The judgment finally disposed of all claims of all parties.

-----

[1]  "Doc." references are to the documents comprising the original record on appeal, as numbered by the Clerk of the District Court.

[2]  Taxpayer incorrectly cited I.R.C. § 7442 as conferring jurisdiction on the District Court.  (Doc. 1 at 1.)  I.R.C. § 7442 confers jurisdiction on the Tax Court in certain circumstances.  It does not confer jurisdiction on the District Court.

8198113.1

- xiv -

On March 3, 2011, less than 60 days later, taxpayer filed a notice of appeal. The appeal was thus timely under 28 U.S.C. § 2107(b) and Fed. R. App. P. 4(a)(1)(B). This Court has jurisdiction under 28 U.S.C. § 1291.

8198113.1

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

## No. 11-11007-C

_____

### ERNEST ENAX,

Plaintiff-Appellant

v.

### COMMISSIONER OF IRS,

Defendant-Appellee

_____

## ON APPEAL FROM THE JUDGMENT OF THE
## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF FLORIDA

_____

## BRIEF FOR THE APPELLEE

_____

## STATEMENT OF THE ISSUE

Whether the District Court correctly dismissed taxpayer's suit seeking a refund of federal taxes and injunctive and declaratory relief with respect to a federal tax levy.

-2-

## STATEMENT OF THE CASE

**(i)    Course of proceedings and disposition in the courts below**

Taxpayer sued the Commissioner of Internal Revenue for a refund of tax and declaratory and injunctive relief with respect to a federal tax levy on his social security benefits.[3] (Doc. 1.)  The Government moved to dismiss on the grounds, *inter alia*, that the Government has not waived its sovereign immunity from suit in the circumstances of this case and that the Anti-Injunction Act, I.R.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bar the relief taxpayer requests.  (Doc. 9.)  The District Court dismissed the case for failure to state a claim.  (Doc. 11, 12).  Taxpayer filed a motion for reconsideration (Doc. 13), which the court denied (Doc. 14).  Taxpayer appealed.  (Doc. 15.)

---

[3]  The Commissioner of Internal Revenue is not a proper party to this suit.  *See Carey v. Andrews*, 207 Fed. Appx. 863, 865, 2006 WL 3373080, at *1 (9th Cir. 2006) (suit against Commissioner of Internal Revenue challenging tax lien was in essence a suit against the United States).  A refund suit can be maintained only against the United States, and not against an officer thereof.  I.R.C. § 7422(f)(1).

-3-

**(ii)  Statement of facts**

**(a)  Taxpayer's prior cases
challenging collection of his taxes**

As the District Court noted, "[t]his case represents the latest of [taxpayer's] ever-continuing saga of filing lawsuits in this district with regard to his disputes with the Internal Revenue Service, all of which have been determined to have no merit."  (Doc. 11 at 1 n.2.)  Taxpayer had filed five prior cases in the District Court challenging collection of his tax liabilities, two of which were unsuccessfully appealed to this Court:  Nos. 8:02-cv-1465, 8:03-cv-2520, 8:05-cv-2124 (appealed to this Court at No. 06-14774), 8:06-cv-903, 8:07-cv-799 (appealed to this Court at No. 07-15087-EE).  *See Enax v. United States,* 243 Fed. Appx. 449, 2007 WL 708976 (11th Cir. 2007) (No. 06-14774-EE); *Enax v. Steven Goldsmith, et al.*, 322 Fed. Appx. 833, 2009 WL 929982 (11th Cir. 2009) (No. 07-15087-EE).  He also has filed four cases in the Tax Court (Nos. 022087-06 L, 017374-07 L, 029667-07 L, 028772-09), three of which were challenges to a lien or levy under I.R.C. § 6330 or 6320 (as indicated by the designation "L").

8198113.1

-4-

In taxpayer's most recent District Court case, filed in May 2007,

taxpayer filed —

> a pro se complaint against Defendant Goldsmith, an Internal
> Revenue Service ("IRS") revenue officer, and Defendant
> Budde, an IRS group manager, in their individual capacities.
> [Taxpayer] alleged civil-rights violations related to an IRS
> levy on his Social Security disability benefits.  Filing the
> complaint under 42 U.S.C. § 1983, [taxpayer] contended that
> Defendants were members of a "secret society" that stole "by
> stealth and fraud" money from his Social Security benefits,
> thereby "reducing [taxpayer] to a condition of involuntary
> servitude."

*Enax v. Goldsmith, et al.,* 322 Fed. Appx. 833, 2009 WL 929982, at *1

(11th Cir. 2009).  Taxpayer was given two opportunities to amend his

complaint to state a claim upon which relief could be granted.  When he

failed to file a proper amended complaint, the District Court dismissed

the case.  *Id.*  This Court dismissed part of the appeal as untimely, and

affirmed the District Court's denial of two post-judgment motions,

noting that taxpayer "present[ed] no legitimate reason why the district

court should have reinstated his suit under Rule 60(b) due to clerical

error or for any other eligible ground for relief."  322 Fed. Appx. at 835,

2009 WL 929982, at *2.

-5-

### (b)    Taxpayer's complaint in this suit

In his complaint, taxpayer alleged that "during the period of October, 2003 through to and including November, 2010," the IRS had collected unspecified tax liabilities by levy from his social security payments and that the amount withheld exceeded 15% of his benefits. (Doc. 1 at 2.)  He also alleged that he "ha[d] made repeated attempts to contact the Internal Revenue Service to abate the aforementioned excessive levies, and ha[d] been consistently denied or ignored" (Doc. 1 at 2-3), and that, in particular, he had sent a letter to the local Taxpayer Advocate and to the IRS office in Washington, D.C. (*id*. at 3). A copy of this letter was attached to the complaint.  (*Id*., Ex. 2.)  He concluded that he had thus "exhausted all administrative remedies." (*Id*. at 3.)  He asked for (1) a declaration that the IRS "violated the law when it took more than 15% of [his] Social Security benefit checks"; (2) an injunction restricting future tax levies on his social security checks to 15%; and (3) refund of "all those monies taken in excess of 15% of each and every benefit check" plus interest.  (*Id*. at 3-4.)

8198113.1

-6-

### (c)   The Government's motion to dismiss

The United States moved to dismiss under Fed. R. Civ. P. 12(b)(1), (4), and (5) for lack of subject matter jurisdiction, insufficient process, and insufficient service of process.[4]  (Doc. 9.)  The Government argued that taxpayer had failed to plead an applicable waiver of sovereign immunity, and, to the extent that taxpayer's action can be construed as a tax refund suit, that taxpayer had not alleged that he had fulfilled the jurisdictional prerequisites for such a suit – *i.e.,* that he had filed a proper claim for refund and fully paid the tax liability.  (Doc. 9 at 3-10.) The Government added that the letter attached to the complaint did not constitute a proper claim for refund because it was not sent to the right office and did not have the information and verification required by the Treasury regulations.  (*Id*. at 5-7.)

The Government further argued that taxpayer's requests for declaratory and injunctive relief were barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act,

---

[4]  Although the Government did not discuss service of process, there is no entry on the docket sheet for return of service for the United States Attorney.  *See* Fed. R. Civ. P. 4(i)(1) & (2).

-7-

I.R.C. § 7421(a).  (*Id*. at 7-10.)  Citing *Hines v. United States*, 658 F.

Supp. 2d 139 (D.D.C. 2009) and *Beam v. United States*, 2007 WL

1674083, at *1 (D. Or. 2007), the Government added that taxpayer's

contention that the IRS may not levy in excess of 15% of his social

security benefits had been rejected by "multiple courts."  (*Id*. at 9.)

### (d)   The District Court's dismissal

The District Court, while acknowledging that the Government's

jurisdictional arguments "have merit and individually support the

dismissal of [taxpayer's] complaint," chose to dismiss the suit on the

"narrower basis" that taxpayer's underlying legal theory – that the IRS

may not levy on his social security payments in excess of 15% – was

wrong as a matter of law.  (Doc. 11 at 2-3.)  Having reviewed the cases

cited by the Government on this issue, plus *United States v. Marsh*, 89

F. Supp. 2d 1171 (D. Haw. 2000) and *Duran v. IRS*, 2009 WL 700518

(E.D. Cal. 2009), the court concluded that there is no statutory

prohibition on levying upon more than 15% of social security payments.

(*Id*. at 3.)  The court added that "[g]iven this well-supported legal

conclusion, it would be futile and a waste of judicial resources to allow

[taxpayer] to file an amended complaint" (*id*.), and that, because the

-8-

complaint here – like taxpayer's previous complaints – lacked merit,

allowing taxpayer to respond to the Government's motion "would be an

exercise in futility" (*id*. at 1-2 n.2).  The court, accordingly, dismissed

the case, holding that taxpayer was "wholly unable to state a claim for

relief as a matter of law."[5]  (*Id*. at 1.)  In doing so, the court noted that it

had accepted all the factual allegations in the complaint as true and

"constru[ed] those allegations more liberally than if drafted by an

attorney."  (*Id*. at 1.)

### (e)   Taxpayer's motion for reconsideration

Taxpayer filed a motion to reconsider, in which he requested leave

to submit a brief in opposition to the Government's motion and

requested the court to reconsider its order and to order "restitution" of

the taxes already collected from his social security benefits to the extent

they exceeded 15% of the amount of his benefits.  (Doc. 13 at 6.)  In

support of this motion, taxpayer contended that I.R.C. § 7433 waives

---

[5]  Taxpayer misunderstands the court's holding when he contends (*e.g.,* Br. 2, 5, 6-7) that the District Court erred in dismissing the case for lack of jurisdiction.  As is clear from the above summary, the District Court expressly declined to reach the issue of jurisdiction (Doc. 11 at 2-3) and dismissed the case for failure to state a claim instead (*id*. at 1, 3).

-9-

sovereign immunity "if there is a showing of a wrongful collection of a 'tax' by an employee of the Internal Revenue Service," and that he had made such a showing "because Congress did not provide for collections from Social Security benefits over the amount of 15%." (*Id.* at 3.) He relied on I.R.C. § 6331(h). (*Id.* at 4.) Finally, taxpayer alleged, without explanation, that the Government's arguments about sovereign immunity and the prohibitions on declaratory judgments or injunctions with respect to federal taxes were "frivolous" and "ludicrous." (Doc. 13 at 5-6.)

The District Court denied the motion on the ground that taxpayer had not demonstrated that there is a "statutory prohibition preventing the IRS from levying in excess of 15% of an individual's social security benefits payments." (Doc. 14.)

**(iii)  Statement of the standard or scope of review**

Issues regarding subject matter jurisdiction, including issues of sovereign immunity, are reviewed *de novo*. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *United States v. 1461 West 42nd Street, Hialeah, Fla.*, 251 F.3d 1329, 1334 (11th Cir. 2001). This Court also reviews *de novo* a dismissal for failure to state a claim.

-10-

*Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011).

"This court may affirm a decision of the district court on any ground

supported by the record." *United States v. Fort*, 638 F.3d 1334, 1337

(11th Cir. 2011).

## SUMMARY OF ARGUMENT

Taxpayer filed suit challenging an IRS levy on his social security

benefits and seeking a refund, an injunction, and a declaration.  The

Government moved to dismiss on the ground that there was no waiver

of sovereign immunity.  The District Court dismissed for failure to state

a claim, holding that taxpayer's underlying theory on the merits – that

the IRS was prohibited from levying more than 15% of social security

payments – was wrong as a matter of law.

1.  It is well-established that the United States may not be sued

without a waiver of sovereign immunity.  Although the Government has

waived its sovereign immunity with respect to tax refund suits, that

waiver is conditioned on full payment of the challenged tax assessment

and the filing of a proper administrative claim for refund.  Taxpayer did

not allege that he had fully paid the tax, and the letter he presented as

-11-

his administrative claim fails to fulfill the regulatory requirements on multiple grounds.

Taxpayer's belated reliance on I.R.C. § 7433 also fails. As an initial matter, that section waives sovereign immunity only for a suit for damages from allegedly wrongful collection actions, not for a suit for refund, such as this one. Further, suit under Section 7433 also requires exhaustion of administrative remedies, and the complaint shows that taxpayer did not comply with this requirement. And the facts alleged in taxpayer's complaint show that this suit was brought beyond the 2-year statute of limitations in I.R.C. § 7433(d)(3). Thus, the Government has not waived its sovereign immunity from suit in the circumstances of this case. Further, taxpayer's requests for injunctive and declaratory relief are barred by the Anti-Injunction Act and the Declaratory Judgment Act.

2. The District Court correctly held that taxpayer's complaint failed to state a claim upon which relief could be granted. The gravamen of the complaint is that I.R.C. § 6331(h) prohibits the IRS from levying upon more than 15% of taxpayer's social security payments. The courts have generally rejected this contention.

8198113.1

-12-

3. Finally, although taxpayer complains about not having been given an opportunity to respond to the Government's motion to dismiss, he has offered this Court no basis on which to disagree with the District Court's conclusion that granting him leave to amend his complaint or to respond to the Government's motion would have been futile.

The District Court's judgment is correct and should be affirmed.

## ARGUMENT

### The District Court correctly dismissed taxpayer's suit

### A.   Taxpayer did not establish a waiver of sovereign immunity

#### 1.   Introduction

The United States cannot be sued except in strict accordance with the terms of a specific waiver of sovereign immunity granted by Congress.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34, 112 S. Ct. 1011, 1014-1015 (1992); *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990).  Where the United States has not waived its sovereign immunity by consenting to suit, the court lacks jurisdiction over the United States, and the action against it must be dismissed.

8198113.1

-13-

*United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980).

That taxpayer named the Commissioner of Internal Revenue as defendant does not avoid the application of the doctrine of sovereign immunity.  "In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States."  *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003).  The proper party in actions in federal district court involving federal taxes is the United States.  *See Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S. Ct. 410, 412 (1952); *Murphy v. I.R.S.*, 493 F.3d 170, 174 (D.C. Cir. 2007); *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995).

Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed."  *United States v. King*, 395 U.S. 1, 4 (1969). Such waivers are strictly construed in favor of the United States. *Nordic Village*, 503 U.S. at 34, 37, 112 S. Ct. at 1014-1015, 1016; *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999).  "A party bringing a cause of action against the federal government bears the

-14-

burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). Unless the plaintiff demonstrates that the suit falls within the unequivocally expressed terms of a statutory waiver of sovereign immunity, the suit must be dismissed. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

"'When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction.'" *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (quoting *United States v. Mottaz*, 476 U.S. 834, 841, 106 S. Ct. 2224, 2229 (1986)). "[T]he terms upon which the Government consents to be sued must be strictly observed" and "strictly construed." *Ctr. for Biological Diversity*, 453 F.3d at 1334, 1335 (internal quotation marks and citation omitted). *See Block v. North Dakota*, 461 U.S. 273, 287, 103 S. Ct. 1811, 1819-1820 (1983); *Soriano v. United States*, 352 U.S. 270, 276, 77 S. Ct. 268, 273 (1957). "[E]xceptions thereto are not to be implied." *Ctr. for Biological Diversity*, 453 F.3d at 1335 (internal quotes omitted).

-15-

As we show below, there was no waiver of sovereign immunity in the circumstances of this case.

### 2. The waiver of sovereign immunity for tax refund suits is not available here

The Government's waiver of its sovereign immunity from suits for tax refund is conditioned on full payment of the tax and the filing of a proper administrative claim for a refund. I.R.C. § 7422(a); *Flora v. United States*, 357 U.S. 63, 68, 78 S. Ct. 1079, 1082 (1958); *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006). Taxpayer does not allege that he has fully paid any of the taxes in issue here, and his request for an injunction restricting future levies (Doc. 1 at 3) suggests that he has not.

Further, the complaint makes clear that taxpayer had not filed a proper claim for refund as required by I.R.C. § 7422(a), which provides in pertinent part that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

8198113.1

-16-

The requirements for a claim for refund are detailed in Treas. Reg.

§§ 301.6402-2 and 301.6402-3.[6]

Contrary to taxpayer's conclusory assertion (Br. 3; Doc. 1 at 3)

that he had exhausted his administrative remedies, the facts alleged by

taxpayer demonstrate that he has not.  The letter allegedly mailed to

the IRS Taxpayer Advocate's Service in Plantation, Florida, and to the

Internal Revenue Service's offices in Washington, D.C. (Doc. 1 at 3 &

Ex. 2), which was attached to the complaint, did not constitute a proper

claim for refund, as defined by the Code and regulations.  To begin with,

the letter did not include a statement of the grounds and facts

supporting the claim that was "verified by a written declaration that it

is made under the penalties of perjury," as required by Treas. Reg.

§ 301.6402-2(b).  Indeed, taxpayer's letter did not identify the type of

tax or tax year in issue.  Although taxpayer identified the amounts that

---

[6]  In the letter attached to taxpayer's complaint as Exhibit 2, he
refers to Treas. Reg. § 301.7433-1(e)(1).  (Doc. 1, Ex. 2 at 2.)  That
regulation is not applicable to claims for refund.  And, as explained
*infra*, pp. 19-20, the letter also fails to exhaust the administrative
requirements under that regulation.

-17-

he claims were wrongfully levied, he did not identify any legal or factual grounds justifying a refund of those amounts.

In addition, the purported claim for refund is not on any IRS form, let alone the proper form for a claim for refund. *See* Treas. Reg. § 301.6402-2(c) (Form 843 is proper form for claim for refund of tax other than income tax); Treas. Reg. § 301.6402-3(a)(2) (Form 1040X is proper form for claim for refund of individual income tax). Nor did taxpayer allege that he sent a claim for refund to the proper office identified in the regulation. *See* Treas. Reg. § 301.6402-2(a)(2) (generally requiring claim for refund to be "filed with the service center serving the internal revenue district in which the tax was paid."). Therefore, taxpayer's own allegations establish that he had not filed a proper claim for refund and, thus, had not satisfied this prerequisite to the Government's waiver of sovereign immunity.

### 3. The waiver of sovereign immunity in I.R.C. § 7433 is not available here

Taxpayer asserted for the first time in his motion for reconsideration (Doc. 13 at 3), and reasserts in his opening brief on appeal (Br. 7-8), that the relevant waiver of sovereign immunity for his

-18-

claims is contained in I.R.C. § 7433.  Sovereign immunity is waived for

a damages suit against the United States "[i]f, in connection with any

collection of Federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally, or

by reason of negligence, disregards any provision of this title, or any

regulation promulgated under this title."  I.R.C. § 7433(a).  Damages

are limited to the "actual, direct economic damages" sustained by the

taxpayer "as a proximate result of" the wrongful actions, I.R.C.

§ 7433(b)(1), and exhaustion of administrative remedies is a

prerequisite to suit, I.R.C. § 7433(d)(1).  The waiver of sovereign

immunity in I.R.C. § 7433, as with all such waivers, must be read

narrowly.  *See Allied/Royal Parking, L.P. v. United States*, 166 F.3d

1000, 1003 (9th Cir. 1999); *Miller v. United States*, 66 F.3d 220, 222 (9th

Cir. 1995); *Gonsalves v. IRS*, 975 F.2d 13, 14 (1st Cir. 1992).

The waiver of sovereign immunity in Section 7433 is of no help to

taxpayer here.  As an initial matter, it waives sovereign immunity for "a

civil action for *damages*."  I.R.C. § 7433(a) (emphasis added).  It does not

waive sovereign immunity for a suit for refund.  Taxpayer has not

requested damages and has nowhere alleged that he has incurred any

-19-

of the "actual, direct economic damages," I.R.C. § 7433(b)(1), that are compensable in a suit under this provision.

Further, relief under Section 7433 is barred if the taxpayer has failed to exhaust administrative remedies. I.R.C. § 7433(d)(1). To exhaust his administrative remedies, a taxpayer must file an administrative claim that includes a description of the injuries allegedly incurred, the dollar amount of the claim, and his taxpayer identification number, telephone numbers, and convenient times at which to contact him. Treas. Reg. § 301.7433-1(e)(2). The letter attached to taxpayer's complaint does not contain this information. *See* Doc. 1, Ex. 2. Furthermore, as the letter plainly shows (Doc. 1, Ex. 2 at 1-2), it was not sent to the correct office of the Internal Revenue Service. *See* Treas. Reg. § 301.7433-1(e)(1) (requiring administrative claim to be sent to "the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides"). Thus, the letter taxpayer sent to the Taxpayer Advocate Service does not satisfy the requirements of Section 7433(d)(1). *See Chocallo v. United States*, 299 Fed. Appx. 112, 116, 2008 WL 4813088, at *3 (3d Cir. 2008) (letter that "sought merely the payment of a tax refund and the cancellation of tax

-20-

levies and did not demand the payment of damages or otherwise set

forth a § 7433 claim" did not satisfy § 7433(d)(1).)

In addition, the complaint shows on its face that it was filed

beyond the statute of limitations for suit under I.R.C. § 7433.  An action

under I.R.C. § 7433 must be brought "within 2 years after the date the

right of action accrues."  I.R.C. § 7433(d)(3); Treas. Reg. § 301.7433-1(g);

*see Wallace v. United States*, 372 Fed. Appx. 826, 829 (10th Cir. 2010);

*Dziura v. United States*, 168 F.3d 581, 582 (1st Cir. 1999).  A taxpayer's

right of action accrues "when the taxpayer has had a reasonable

opportunity to discover all essential elements of a possible cause of

action."  Treas. Reg. § 301.7433-1(g)(2); *see* H.R. Conf. Rep. No. 100-

1104, vol. 2, 228, *reprinted in* 1988-3 C.B. 473, 718 (the limitations

period runs until "two years after the discovery by the taxpayer of the

improper IRS action").  "For purposes of applying § 7433(d)(3)'s statute

of limitations, taxpayers are presumed to know the law, specifically, to

know the legal consequences of facts they discover." *Bright v. United

States*, 446 F. Supp. 2d 339, 345 n.16 (E.D. Pa. 2006) (citing *Dziura*, 168

F.3d at 583).  *See also Keohane v. United States*, __ F.3d __, 2012 WL

-21-

539372, at *4 n.2 (D.C. Cir. Feb. 21, 2012); *Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010).

Accordingly, courts have consistently held that a cause of action under § 7433 accrues when the allegedly wrongful collection action starts or, at the latest, when the taxpayer becomes aware of, or has notice of, the collection action. *See Keohane*, 2012 WL 539372, at *3 (cause of action for alleged violation of § 6331(h) accrued "[a]s soon as [the taxpayer] knew of" the levy); *Kovacs*, 614 F.3d at 674 (cause of action under § 7433 accrued when plaintiff received the notices of intent to levy); *Wallace*, 372 Fed. Appx. at 830-31 (cause of action under § 7433 for alleged violation of § 6331(h) accrued at the time plaintiff "knew of the government's allegedly illegal and excessive levy" on her pension); *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003) (right of action under § 7433 accrued at commencement of allegedly wrongful levy).

Taxpayer acknowledges (Br. 4; *see also* Doc. 1 at 2) that the actions he complains of started in January of 2007, and the letter from the Social Security Administration attached to the complaint (Doc. 1, Ex. 1) confirms this date. The cause of action thus accrued in January

-22-

2007 or soon thereafter.  *See Keohane*, 2012 WL 539372, at *3; *Wallace*,

372 Fed. Appx. at 830-31; *Gandy Nursery, Inc.*, 318 F.3d at 637.  At that

time, or soon thereafter, he had "a reasonable opportunity to discover

all essential elements of a possible cause of action."  Treas. Reg.

§ 301.7433-1(g)(2).  Taxpayer did not file this suit, however, until

November 24, 2010, almost four years after the allegedly illegal levy

started.   The complaint was thus untimely under I.R.C. § 7433(d)(3).

### B.    Injunctive relief and declaratory relief are barred by the Anti-Injunction Act and the Declaratory Judgment Act

Suits seeking injunctions relating to taxes are barred by the

Anti-Injunction Act, I.R.C. § 7421(a), which provides that, with

exceptions not applicable here, "no suit for the purpose of restraining

the assessment or collection of any tax shall be maintained in any court

by any person."  The purpose of Section 7421(a) is "to permit the United

States to assess and collect taxes alleged to be due without judicial

intervention, and to require that the legal right to the disputed sums be

determined in a suit for refund."  *Enochs v. Williams Packing and

Navigation Co.*, 370 U.S. 1, 7, 82 S. Ct. 1125, 1129 (1962).  The absolute

language of the statute "could scarcely be more explicit" and the statute

-23-

is strictly enforced.  *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736, 94 S.
Ct. 2038, 2046 (1974).

A limited judicial exception to the Anti-Injunction Act, set forth in
*Enochs v. Williams Packing & Navigation Co.*, 370 U.S. at 7, 82 S. Ct. at
1129 (1962), applies if the taxpayer establishes that (1) under no
circumstances could the Government prevail on the merits of the case,
and (2) there is a basis for equity jurisdiction due to a threat of
irreparable injury for which the taxpayer has no adequate legal remedy.
Taxpayer cannot show that the United States has no possibility of
prevailing.  In fact, quite the opposite appears to be true.  Taxpayer
contends that the IRS may not levy in excess of 15% of his social security
benefit.  (Br. 7; Doc. 1 at 2.)  Multiple courts have held that it is lawful
for the IRS to do so.  *See Hines v. United States*, 658 F. Supp. 2d 139,
146-47 (D.D.C. 2009) (citing *Duran v. IRS*, 2009 WL 700518, at *3-4
(E.D. Cal. 2009) and *Beam v. United States*, 2007 WL 1674083, at *1 (D.
Or. 2007)), *appeal dismissed as moot* (D.C. Cir. No. 08-5459 – Nov. 9,
2009); *McNeil v. United States*, 78 Fed. Cl. 211, 227 n.24 (Fed. Cl. 2007),
*aff'd*, 293 Fed. Appx. 758 (Fed. Cir. 2008).  Indeed, as explained more
fully below, in Argument B, the District Court here correctly held that

8198113.1

-24-

there is no prohibition on levying more than 15% of social security

payments.

Furthermore, taxpayer cannot show that he had no alternative

available remedy.  To the extent that he seeks a refund, he could pay the

tax, file a proper claim for refund, and bring suit under I.R.C. § 7422.

The availability of a refund suit prevents a taxpayer from satisfying the

irreparable injury requirement.  *Bob Jones Univ.*, 416 U.S. at 746-47; 94

S. Ct. at 1050-2051.  And, if he had suffered any damages from the

allegedly wrongful collection, he could file a proper claim for damages

and sue for damages under I.R.C. § 7433.

To the extent that taxpayer sought a declaratory judgment (*see*

Doc. 1 at 3), his claim was barred by the Declaratory Judgment Act, 28

U.S.C. § 2201(a), which, with exceptions not applicable here, bars suits

for declaratory judgment "with respect to Federal taxes."

8198113.1

-25-

**C.    The District Court correctly concluded that the complaint failed to state a claim for which relief could be granted because taxpayer's contention that the IRS is prohibited from levying on social security payments in excess of 15% is wrong as a matter of law**

Section 6331(a) provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person."  The Supreme Court has held that the language of I.R.C. § 6331(a) "'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'"  *Drye v. United States*, 528 U.S. 49, 56, 120 S. Ct. 474, 480 (1999) (quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 719-720, 105 S. Ct. 2919, 2924 (1985)).

Generally, a levy extends only to property possessed and obligations which exist at the time of the levy.  I.R.C. § 6331(b); Treas. Reg § 301.6331-1(a)(1).  The term "property," however, includes present rights to future payments.  *Cf. In re Connor*, 27 F.3d 365, 366 (9th Cir. 1994) (right to future pension payments is property subject to IRS lien);

8198113.1

-26-

*Fried v. New York Life Ins. Co.*, 241 F.2d 504 (2d Cir. 1957) (disability

payments to be received in the future are "property").  A social security

annuitant possesses a present right to future payments.  42 U.S.C.

§ 402(a); *Hines v. United States*, 658 F. Supp. 2d 139, 146-47 (D.D.C.

2009), *appeal dismissed as moot* (D.C. Cir. No. 08-5459 – Nov. 9, 2009);

*Schmiedigen v. Celebrezze*, 245 F. Supp. 825, 827 (D.D.C. 1965).  That

right is "property" subject to IRS liens and levies.  *See Hines*, 658 F.

Supp. 2d at 146; *In re Anderson*, 250 B.R. 707, 709 (Bankr. D. Mont.

2000).

Although certain classes of property are exempt from levy (*see*

I.R.C. § 6334(a)), social security retirement benefits are not.  *Beam*, 2007

WL 1674083, at *1.  *See* I.R.C. § 6334(c) ("Notwithstanding any other

law of the United States (including section 207 of the Social Security

Act), no property or rights to property shall be exempt from levy other

than property specifically made exempt by subsection (a)").[7]

---

[7]  Section 207 of the Social Security Act, codified and renumbered
as 42 U.S.C. § 407, restricts attachment of social security benefits.
Section 407(b) provides that Congress may limit, supersede, or
otherwise modify the provisions of Section 407 if it expressly references
that section.

-27-

The Internal Revenue Code authorizes the IRS to levy on 100% of an individual taxpayer's wages, salary or income from other sources for the taxable year to the extent that these wages, salary, or other income exceed the standard deduction and personal exemptions.  I.R.C. § 6334(a)(9), (d).  *See also* Treas. Reg. § 301.6334-2(c)(1) (permitting IRS to levy on up to 100% of a delinquent taxpayer's income from one source, provided that the taxpayer's other income is equal to or greater than the amount exempt under I.R.C. § 6334(a)(9) and (d).)  Social security retirement benefits are subject to I.R.C. § 6334(a)(9) and Treas. Reg. § 301.6334-2(c)(1).  *See Hines,* 658 F. Supp. 2d at 145; *cf. United States v. Marsh*, 89 F. Supp. 2d at 1179.

Taxpayer does not allege that the IRS levy on his social security benefits violated I.R.C. § 6331(a) or § 6334(a)(9) and (d).  Nonetheless, he insists (Br. 2) that "taking 100% of his Social Security benefits [is] contrary to what the law provides for."  He relies (Br. 9) on I.R.C. § 6331(h), which provides, *inter alia*, that "[i]f the Secretary approves a levy under this subsection," the levy shall be continuous and "[n]otwithstanding section 6334 . . . shall attach to up to 15 percent of any specified payment due to the taxpayer."  I.R.C. § 6331(h)(1).  The

-28-

term "specified payment" includes "any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee" and "any payment described in paragraph (4), (7), (9), or (11) of section 6334(a)." I.R.C. § 6331(h)(2)(A) & (B). Social Security retirement benefits are among the "specified payments" covered by the provision. *See* I.R.C. § 6331(h)(2)(A); H.R. Conf. Rep. No. 105-220 at 549 (1997), *reprinted in* 1997-4 C.B. (vol. 2) 1457, 2019.

Section 6331(h) does not curtail the IRS's ability to collect unpaid taxes by levying on Social Security retirement benefits under Section 6331(a). Instead, Section 6331(h) merely gives the IRS another option when exercising its discretion in collecting unpaid taxes. *See* I.R.S. Notice 98-62, 1998-2 C.B. 760 ("the new continuous levy is an option for collection that is exercised at the Service's discretion"). Thus, the courts have generally held that levies upon Social Security retirement benefits are not subject to the 15 percent limitation contained in § 6331(h). *See Hines*, 658 F. Supp. 2d at 146-47; *Beam*, 2007 WL 1674083, at *1. *Cf. Marsh*, 89 F. Supp. 2d at 1179 (IRS can levy on state retirement benefits under *both* § 6331(a) and 6331(h) and can collect the excess of the retirement payment over the exempt amount *plus* up to 15 percent of the

-29-

exempt amount); *McNeil*, 78 Fed. Cl. at 227 n.24 (same holding with

respect to federal retirement benefits); *Duran*, 2009 WL 700518 at *3-*4

(levy on wages could exceed the 15% limitation of § 6331(h)). *But see In*

*re Anderson*, 250 B.R. at 710.[8]

As the district court explained in *Marsh*:

Marsh reads the words "notwithstanding section 6334" in
section 6331(h) as eliminating the right of the IRS to levy
amounts exceeding the "minimum exemption" referred to in
section 6334(a)(9). According to Marsh, section 6331(h) now
limits any continuous levy on wages, salary, and other
income to 15 percent of the wages, salary, and other income.
This reading makes a nullity of 26 U.S.C. § 6334(d), which
calculates the exempt amount listed in section 6334(a)(9).
The court declines to read section 6331(h) as repealing
provisions not expressly repealed. Instead, the court reads
section 6331(h) as expanding the right of the IRS to levy
amounts previously exempt from levy under section 6334.
This reading gives effect to all of the statutory provisions in
issue.

89 F. Supp. 2d at 1179.

To be sure, certain property that was completely exempt from levy

under Section 6334 and is a "specified" payment under Section 6331(h) is

_____

[8] As the District Court correctly observed, *Anderson* "provides
only a limited rationale for its decision based on a single unexplained
quote within the legislative history." (Doc. 11 at 3 n.3; internal
quotation marks omitted.)

-30-

subject to the 15 percent limitation.  For example supplemental security

income for the aged, blind, and disabled under Social Security was

totally exempt from levy before the enactment of § 6331(h).  *See* I.R.C. §

6334(a)(11)(A) (exempting from levy "[a]ny amount payable to an

individual as a recipient of public assistance under . . . title IV or title

XVI (relating to supplemental security income for the aged, blind, and

disabled) of the Social Security Act).  Property exempt from levy under §

6334(a)(11) is a "specified payment" for purposes of § 6331(h).  *See* I.R.C.

§ 6331(h)(2)(B).

     Although taxpayer cites § 6334(a)(11) in support of his argument

that his Social Security "benefit checks" were subject to the 15 percent

limitation (Br. 10), he has never alleged that he is receiving

supplemental security income for the aged, blind, and disabled.  Indeed

the arguments in his brief in support of the application of the 15 percent

limitation relate to ordinary Social Security retirement benefits.

Taxpayer asserts (Br. 6):

          Enax has paid into the SSA system for many years. . . .
          Many of the elderly of this country rely upon SSA benefit
          checks, and have contributed dearly to this program.  It
          exists to provide for a subsistence to the elderly, who
          accumulate credits for the determination of benefits for said

-31-

elderly who have been either enticed or coerced into the
system.

As discussed above, ordinary Social Security retirement benefits are not
subject to the 15 percent limitation. Thus, the District Court correctly
held that the complaint failed to state a claim upon which relief could be
granted.

### D. The District Court did not err in dismissing the suit without granting taxpayer leave to amend his complaint

This Court has held that "a district court must grant a plaintiff at
least one opportunity to amend their claims before dismissing them if 'it
appears a more carefully drafted complaint might state a claim upon
which relief can be granted' even if the plaintiff never seeks leave to
amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-1049 (11th Cir. 2003)
(quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). A district
court may, however, dismiss a suit or claim without leave to amend
"when such amendment would be futile." *Sibley v. Lando*, 437 F.3d
1067, 1073 (11th Cir. 2005). The District Court here followed this rule
by dismissing the suit only after concluding that "it would be futile and a
waste of judicial resources to allow [taxpayer] to file an amended

-32-

complaint" (Doc. 11 at 3), and that allowing him to respond to the
Government's motion "would be an exercise in futility" (*id*. at 1-2 n.2).

The District Court correctly so determined.  As discussed *supra*,
pp. 15-22, the complaint affirmatively shows that there was no waiver of
sovereign immunity in the circumstances of this case because taxpayer
did not fully pay the assessed tax liability and did not file a proper claim
for refund before commencing suit.  Furthermore, taxpayer has failed to
explain how he could successfully amend his complaint to avoid
dismissal for failure to state a claim.  Although this court construes
briefs by *pro se* litigants liberally, "'issues not briefed on appeal by a *pro
se* litigant are deemed abandoned.'"  *Jordan v. Conway*, 441 Fed. Appx.
761, 762-763, 2011 WL 4537134, at *1 (11th Cir. 2011) (quoting *Timson
v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)).  Accordingly, taxpayer
has waived any challenge to the District Court's conclusion that
amendment of his complaint would have been futile.

8198113.1

-33-

## CONCLUSION

The judgment of the District Court is correct and should be affirmed.

Respectfully submitted,

TAMARA W. ASHFORD
  *Deputy Assistant Attorney General*


/s/ Sara Ann Ketchum

JOAN I. OPPENHEIMER    (202) 514-2954
SARA ANN KETCHUM       (202) 514-9838
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*

ROBERT E. O'NEILL
  *United States Attorney*

MARCH 2012

8198113.1

-34-

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

[x]    this brief contains 6,471 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ]    this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[x]    this brief has been prepared in a proportionally spaced typeface using Corel Word Perfect X3 in Century Schoolbook 14 pt. type, *or*

[ ]    this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state font size and name of type style*].

/s/Sara Ann Ketchum
*Attorney*
for  Appellee

Dated: March 13, 2012

8198113.1

-35-

## CERTIFICATE OF SERVICE

It is hereby certified that, on this 13th day of March, 2012, this brief was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system and seven (7) paper copies were sent to the Clerk by First Class Mail. Service of this brief was made on the appellant, who is appearing *pro se*, on this 13th day of March, 2012, by sending him one paper copy by First Class Mail in an envelope properly addressed as follows:

> Mr. Ernest Enax
> 6319 12th St. N.
> St. Petersburg, FL 33702

> /s/ Sara Ann Ketchum
> SARA ANN KETCHUM
> *Attorney*

8198113.1

-36-

Certificate of interested persons and corporate disclosure statement . . 1
Statement regarding oral argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i
Table of contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii
Statement of jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii
Statement of the issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Statement of the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    (i)    Course of proceedings and
           disposition in the courts below . . . . . . . . . . . . . . . . . . . . . . . . 2

    (ii)   Statement of facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           (a)   Taxpayer's prior cases challenging
                 collection of his taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           (b)   Taxpayer's complaint in this suit . . . . . . . . . . . . . . . . . 5

           (c)   The Government's motion to dismiss . . . . . . . . . . . . . 6

           (d)   The District Court's dismissal . . . . . . . . . . . . . . . . . . . 7

           (e)   Taxpayer's motion for reconsideration . . . . . . . . . . . . 8

    (iii)  Statement of the standard or scope of review . . . . . . . . . . . 9

Summary of argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Argument:

    The District Court correctly dismissed taxpayer's suit . . . . . . . . 12

    A.   Taxpayer did not establish a waiver
          of sovereign immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

         1.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

         2.   The waiver of sovereign immunity for tax
             refund suits is not available here . . . . . . . . . . . . . . . . 15

-37-

3.    The waiver of sovereign immunity in
       I.R.C. § 7433 is not available here . . . . . . . . . . . . . . .  17

B.    Injunctive relief and declaratory relief are barred
       by the Anti-Injunction Act and the
       Declaratory Judgment Act . . . . . . . . . . . . . . . . . . . . . . . . .  22

C.    The District Court correctly concluded that the
       complaint failed to state a claim for which relief
       could be granted because taxpayer's contention that the
       IRS is prohibited from levying on social security
       payments in excess of 15% is wrong as a
       matter of law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

D.    The District Court did not err in dismissing the
       suit without granting taxpayer leave to amend
       his complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33
Certificate of compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  34
Certificate of service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  35

8198113.1