No. 11-11007-C

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ERNEST ENAX,

Appellant

v.

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

Appellee

## MOTION FOR REHEARING, OPINION FILED MAY 24, 2012

COMES NOW Ernest Enax, Appellant *pro se*, and moves this Court to rehear this matter pursuant to the provisions of Federal Rule of Appellate Procedure Rule 35. The Court's Decision was entered May 24, 2012. As such, this Motion for Rehearing is filed timely.

**A.   Decision of this Court giving rise to its decision to remand due to an absence of subject matter jurisdiction.**

This Court, in its Decision entered May 24, 2012, remanded this case back to the United States District Court for the Middle District of Florida, with orders to dismiss the case for lack of subject matter jurisdiction. In

explaining how it concluded that the lower court lacked subject matter jurisdiction, this Court stated *inter alia*, the district court has jurisdiction under 28 U.S.C. § 1346(a) *"for the recovery of any internal revenue tax alleged to have been erroneously or illegally collected...."* However, this statute was enacted so as to provide a remedy where none existed, as noted by the United States Supreme Court in *Feres v. U.S.*, 340 U.S. 135, 139-140:

> *This Act, however, should be construed to fit, so far as will comport with its words, into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole. The Tort Claims Act was not an isolated and spontaneous flash of congressional generosity. It marks the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit. While the political theory that the King could do no wrong was repudiated in America, a legal doctrine derived from it that the Crown is immune from any suit to which it has not consented was invoked on behalf of the Republic and applied by our courts as vigorously as it had been on behalf of the Crown. As the Federal Government expanded its activities, its agents caused a multiplying number of remediless wrongs -- wrongs which would have been actionable if inflicted by an individual or a corporation but remediless solely because their perpetrator was an officer or employee of the Government. Relief was often sought and sometimes granted through private bills in Congress, the number of which steadily increased as Government activity increased. The volume of these private bills, the inadequacy of congressional machinery for determination of facts, the importunities to which claimants subjected members of Congress, and the capricious results, led to a strong demand that claims for tort wrongs be submitted to adjudication. Congress already had waived immunity and made the Government answerable for breaches of its contracts and certain other types of claims. At last, in connection with the Reorganization Act, it waived immunity and transferred the burden of examining tort claims to the courts. The primary purpose of the Act was to extend a remedy to those who had been without; if it incidentally benefited those already well provided for, it appears to*

*have been unintentional. Congress was suffering from no plague of private bills on the behalf of military and naval personnel, because a comprehensive system of relief had been authorized for them and their dependents by statute.*

Clearly, this Act was intended to expand remedies at law against government officials, rather than to restrict. Therefore, to apply the remedies afforded by 28 U.S.C. § 1346(a) so as to restrict, would run contrary to Congressional intent. Most significantly however, is that Congress did feel the need to provide a special remedy for Enax and those similarly situated. It is codified in Title 26 U.S.C. § 7433; and Enax has complied with all the prerequisites for bringing an action under this statute—a waiver of sovereign immunity, including an attempt to exhaust administrative remedies previous to filing a suit in the district court.

It is also clear that the remedy Enax invoked (26 U.S.C. § 7433) says nothing about filing for a refund, or to pay in full, all of the taxes he is deemed to owe, in order to avail himself of this remedy. Sec. 7433 deals exclusively with injuries caused by the intentional or reckless violation of tax laws, which Enax has shown. Moreover, it was surely not the intent of Congress to enact its 15% cap on IRS levies so as to include those receiving Social Security benefit checks, yet exclude them from all varieties of damage awards where all the other remedial prerequisites and criteria are met. The theory that those who owe money to the IRS cannot be "damaged"

since they allegedly owed the tax and did not timely file for a refund would render § 7433 meaningless. This would defeat the very purpose of the Act itself, contrary to Congressional intent.

The opinion one district court sheds some light on the nature of this waiver of sovereign immunity:

> *Because the employees of the IRS are human, errors, intentional or otherwise, in the performance of those duties are inevitable. By enacting § 7433,* **Congress recognized that certain injuries caused by the intentional or reckless violation of tax laws by IRS employees should be compensable,** *but limited the scope of compensable claims to injuries sustained during the collection of federal taxes. This limited waiver of sovereign immunity could reasonably be based upon the concern that recognizing claims arising from the "determination" of taxes would potentially overwhelm the IRS and unjustifiably interfere with its obligations concerning the collection of taxes. Moreover, Congress could rationally conclude that* **injuries sustained during the "collection" process are potentially more pernicious injuries than those sustained during the "determination" phase.** Arnett v. U.S., 889 F.Supp. 1424, 1431 (D.Kan.,1995). [Emphasis added]

As such, since it is not the <u>determination</u> of the tax that is in question, but rather, the <u>collection process</u> that gives rise to this cause of action, filing for a refund claim is not necessary to invoke the relief afforded by § 7433. Indeed, there is no prerequisite of making a claim pursuant to IRC § 6402 and its implementing regulations, bringing into the mix the three year statute of limitations. Those determination phase remedies simply are not applicable here. The damages Enax claims he suffered have nothing to do

with a wrongful determination of a tax owing, where a refund might be appropriate; the damages sought arise from wrongful collection, the damages referred to in § 7433—nothing more, nothing less. It should also be noted that in the Answer to the Complaint, the Defendants did not raise failure to mitigate as a defense, e.g., failure to file for a refund.

This Court then goes on to state in its decision:

*"If the taxpayer does not comply with these requirements, the district court does not have jurisdiction to entertain the tax refund suit.... Here, Enax does not contend that he complied with any of these requirements before filing his tax refund suit. Specifically, Enax does not claim he paid the full sum of taxes owed, and, indeed, his request to prevent the IRS from taking more than fifteen percent of his social security benefits going forward indicates that he has not done so. Although Enax wrote a letter to the IRS, he did not file a verified administrative claim using the proper tax refund form.*

It is nonetheless apparent that it is only the provisions of § 7433 that need be considered in this matter; and some sort of mitigation is not required.

This now leaves us with two remaining matters: (1) what constitutes "damages", for the purposes of § 7433; and (2) whether Enax's Complaint sufficiently averred damages, so as to invoke the relief prayed for in his Complaint, which will be examined hereinafter.

**B.    Enax was "damaged" for the purposes of invoking the relief afforded under 26 U.S.C. § 7433.**

The language of § 7433(a) makes it clear that *"[e]xcept as provided in*

*section 7433, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.*" The next subsection addresses the matter of damages, stating in pertinent part:

> § 7433. *Civil damages for certain unauthorized collection actions*
> *(b) Damages.--In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of--*
>> *(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee....*

In Enax's filed Complaint, he asked the district court to recognize that the "*Internal Revenue Service violated the law when it took more than 15% of the Petitioner's Social Security benefit checks....*" If the monies taken in excess of 15% were taken unlawfully, then those monies taken in excess of 15% were a taking, and the IRS "*violated the law.*" If the district court needed to ascertain that an element of the taking constituted "*reckless or intentional or negligent actions of the officer or employee,*" then surely ascertaining this essential factor is not asking for a declaratory judgment, but rather a prerequisite if only for the purpose of affirming subject matter jurisdiction. How could a court ever determine jurisdiction without making a finding on this element? A trial would likely have been necessary if there was a contested genuine issue of fact insofar as to whether the actions of the

IRS employees acted recklessly, intentionally or negligently.

Enax also asked that the district court order that the IRS discontinue any and all levies (of the variety in question) in excess of 15% of his Social Security benefit checks.  If the district court ordered the IRS to do this, it would merely be ordering that the IRS abide by the law — nothing more, nothing less.  If the district court were to not to state this directly, surely granting some sort of damage award would (or should) have the same effect.  The district court is allowed to do this.

While the matter of damages was not substantially treated in the district court, it could have taken judicial notice that while a lien is not affected by levy exemptions, property, real and otherwise, is exempt when Congress has passed legislation making it so.  Though there is not an abundance of case law explaining this, the Fifth Circuit eloquently explained this aspect:

> *We need not determine the reach of the exemption provided by § 6334(a)(7). See <u>Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir.1992)</u> (court may affirm judgment on any basis supported by the record), cert. denied, <u>507 U.S. 972, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993)</u>. As the courts have held in <u>United States v. Barbier, 896 F.2d 377 (9th Cir.1990)</u>, and <u>Matter of Voelker, 42 F.3d 1050 (7th Cir.1994)</u>, whether property is exempt from levy is not determinative of the validity or enforceability of a tax lien on property. The court in Barbier explained that a lien "is merely a security interest and does not involve immediate seizure" whereas a levy "operates as a seizure by the IRS." <u>896 F.2d at 379</u>. The court further explained, "A lien enables the taxpayer to maintain possession of protected property*

> *while allowing the government to preserve its claim should the status of the property later change." Id. The court concluded, "Reading sections 6334 and 6321 together leads to the conclusion that the former section is a limitation on the government's ability forcibly to seize the taxpayer's property, but not a bar to the government's ability to assert a security interest in such property."* Matter of Sills, 82 F.3d 111 C.A.5 (Tex.), 1996

Therefore, while a lien may exist against Enax's Social Security benefit checks, the amounts levied may not exceed 15%, for the remaining 85% is exempted from levy by an act of Congress. If 85% of Enax's benefit checks are exempted from levy by an act of Congress, then any taking in excess of 15% is actual damage, for the purposes of the damage provisions of §7433(b). Since it is clear that there is a distinction between a lien and a levy, for the purposes of statutory exemptions, while a lien is not "damage" to Enax, a levy of amounts in excess of what is authorized by congress certainly is. It is important that the courts not blur this distinction, so as to render the remedial provisions of § 7433 meaningless.

Moreover, it is readily ascertainable from the Complaint. It is possible to arrive at a sum certain, which satisfies the minimum requirements of stating a claim. Therefore, the only real question remaining is whether Enax was damaged by the actions complained of, by the Defendants.

**C.   Enax adequately presented a damage claim in his Complaint filed in the district court.**

This court, in its decision, stated:

*"The problem for Enax is that his complaint did not seek actual damages or allege that he had incurred any actual pecuniary losses as a result of the allegedly improper collection of taxes."*

However, a review of the Complaint seems to indicate otherwise.

In accordance with the rule that a plaintiff's initial pleading must state a cause of action, plaintiff's initial pleading in an action for damages must state facts sufficient to constitute a cause of action, show that the plaintiff has been damaged by reason of the wrongful acts complained of, and how he was damaged; and it must ordinarily set out the amount of damage sustained in a definite amount or afford a basis on which damages may be estimated. Plaintiff has done all this: Enax, in making his calculations, determined which of his monthly checks were levied from in excess of 15%; he determined the amount of money taken in excess of 15% for each such check; and he totaled those figures together to arrive at a dollar figure of $46, 996.10, which was a sum certain which was accurate on the day his Complaint was filed in the district court. Further, it is readily ascertainable how such a sum certain may be arrived at as the amounts of monies levied in excess of 15% increased over time, after the Complaint was filed.

Even if the courts deemed the Complaint to be inartful in presenting its claim, "*[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.*" See *Tannenbaum v. U.S.*, 148 F.3d 1262 (11th Cir.,1998).

### D. Enax exhausted his administrative remedies before filing in the District.

In order to invoke the jurisdiction of the district court over a matter such as this, it is first necessary to comply with the provisions of Title 26 U.S.C. § 7433(e), pertaining to the exhaustion of administrative remedies. This subsection states that in order to exhaust administrative remedies, a notice must be sent to the District Director's offices. Since the office of District Director was eliminated in the IRS Restructuring and Reform Act of 1998, Enax sent a letter which was otherwise in full compliance with the minimum requirements for exhausting his remedies. The letter was sent to his Taxpayer Advocate, and to the main offices of the Internal Revenue Service in Washington D.C. and is a part of the record. As such, Enax has fully exhausted his administrative remedies, thus entitling him to file a § 7433 action in the United States District Court for the Middle District of Florida.

WHEREFORE, Plaintiff/Appellant prays that this Court reconsider its Decision of May 24, 2012; and REMAND this case back to the United States District Court for the Middle District of Florida, ordering the district court to:

1. find that the Complaint makes a valid claim, in that it states sufficiently a cause of action, and satisfies the minimum requirements for *pro se* litigants of particularizing awardable damages;

2. hold a trial to resolve genuine issues of contested material fact; and,

3. to conduct a hearing, as necessary, to affix the amount of damages to be awarded to Plaintiff, with the end of arriving at a sum certain, since the monetary damages continue to accrue to this date.

In the alternative, Plaintiff/Appellant prays this Court determine the district court erred when it denied relief pursuant to the provisions of Title 26 U.S.C. § 7433; and REMAND this matter back to the district court for the purposes of affixing a sum certain for a damage award in favor of Plaintiff.

Respectfully submitted this 7th day of July, 2012.

*[signature]*

Ernest Enax
6319 12th St. N.
St. Petersburg, Florida 33702

## CERTIFICATE OF SERVICE

The undersigned hereby certify that, on this 7th day of July, 2012, a copy of the foregoing document, "Appellant's Motion for Rehearing, Opinion filed May 24, 2012," with Certificate of Service, was sent to the party indicated hereinafter, postage having been paid in full, via the United States Postal Service, this 7th day of July, 2012.

Further, the signed original of "Appellant's Motion for Rehearing, Opinion filed May 24, 2012," with three exact copies thereof, with Certificate of Service, were sent on this 7th day of July, 2012, to the Clerk of the US Court of Appeals — 11th Cir.

Sara Ann Ketchum, Atty.
USDOJ/Tax Division
Post Office Box 502
Washington, DC  20044

_____
Ernest Enax
6319 12th St. N.
St. Petersburg, Florida  33702

*Also sent to:*
  Clerk, U.S. Court of Appeals for the 11th Cir.
  56 Forsyth Street N.W.
  Atlanta, GA 30303